UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAYLEN FRIER,

        Plaintiff,

        v.                                          Case No. 23-cv-0290-bhl

JEFFREY HINGISS and JOSEPH RIEDER,

        Defendants.

## ORDER GRANTING MOTION TO DISMISS

        The common law doctrine of res judicata or claim preclusion prohibits a party from relitigating claims previously adjudicated. It also bars a party from presenting related claims in piecemeal fashion in multiple lawsuits. Plaintiff Jaylen Frier's complaint in this case runs head on into this well-established doctrine. Just days before he went to trial on similar claims in a lawsuit he filed in Waukesha County Circuit Court, Frier commenced this federal action, asserting claims he could have raised in the state court proceeding. Defendants—Police Chief Jeffrey Hingiss, former Police Chief Joseph Rieder, and the City of New Berlin—have moved to dismiss on the grounds that res judicata prohibits Frier from splitting claims between cases. Because Defendants are correct and res judicata applies, their motion to dismiss will be granted.

### FACTUAL BACKGROUND[1]

        This story begins on August 28, 2020, with a text message. (ECF No. 1 ¶¶19, 22.) What the text said is irrelevant; the key detail is that City of New Berlin Police Sergeant Steven J. Dodson was driving while reading it. (*Id.* ¶¶20-22.) Attention split between the road and his phone, Sergeant Dodson approached the intersection of Casper and National, where Jaylen Frier's vehicle

---

[1] These facts are derived from Frier's Complaint, (ECF No. 1), the allegations in which are presumed true, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), as well as the public record of *Frier v. City of New Berlin*, No. 2021-CV-000576, available at *Jaylen T. Frier v. City of New Berlin*, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CV000576&countyNo=67https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CV000576&countyNo=67 (last visited June 29, 2023). *See Lechnir v. Wells*, 157 F. Supp. 3d 804, 808 (E.D. Wis. 2016) (granting dismissal by way of claim preclusion under Fed. R. Civ. P. 12(b)(6) because "the defense [was] premised on public records").

was lawfully stopped. (*Id.* ¶20.) Moments later, Dodson rear-ended Frier, causing property damage and a traumatic brain injury. (*Id.* ¶¶20, 25-26.)

On April 7, 2021, Frier filed a complaint in Waukesha County Circuit Court, seeking to hold the City of New Berlin vicariously liable for Sergeant Dodson's negligent conduct. (ECF No. 9 at 5.) The case proceeded through discovery, and trial was set to commence on March 14, 2023. (*Id.* at 6.) Then, fewer than two weeks before that date, Frier introduced a further wrinkle when he filed this federal court lawsuit, alleging that former City of New Berlin Police Chief Joseph Rieder and current Police Chief Jeffrey Hingiss violated the Fourteenth Amendment's Due Process Clause when they failed to sufficiently discipline Sergeant Dodson for two distracted driving incidents that occurred prior to August 28, 2020. (ECF No. 1 ¶¶29-45.) He also sought to hold the City of New Berlin, itself, liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and further accused the police chiefs of "ratification." (*Id.* ¶¶46-60.) The federal complaint had the effect of dividing Frier's claims between courts and cases, but it did not ultimately delay his state-court trial, which occurred over four days in mid-March and resulted in a $159,246.35 judgment. (ECF No. 9 at 6.) The City of New Berlin satisfied that judgment on April 25, 2023. (*Id.*)

**LEGAL STANDARD**

"Technically . . ., *res judicata* is an affirmative defense for the defendant . . . and thus cannot [normally] be raised until a motion for judgment on the pleadings under [Federal Rule of Civil Procedure] 12(c)." *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). "In some circumstances, however, a defense of [res judicata] may be raised in a motion to dismiss if . . . the defense is premised on public records, and no further information or discovery is required." *Lechnir v. Wells*, 157 F. Supp. 3d 804, 808 (E.D. Wis. 2016); *see Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) (finding no error where judge dismissed on res judicata grounds under Rule 12(b)(6) because "[h]e had before him all he needed in order to be able to rule on the defense"); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337 (7th Cir. 1995) (affirming a dismissal under Rule 12(b)(6) on res judicata grounds). Moreover, trial courts may even raise res judicata sua sponte if doing so would avoid "unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). Frier has not questioned the procedural validity of the pending motion. Nor has he disclaimed the accuracy of the public record of his state court case. The Court,

therefore, concludes that, in these circumstances, it is proper to consider the issue of res judicata on a Rule 12(b)(6) motion to dismiss.

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff['s] favor." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Defendants call Frier's federal complaint an attempt to double dip. He has already recovered from the City of New Berlin for injuries sustained in the car accident that occurred on August 28, 2020. Now he seeks to supplement that recovery based on claims arising from the same underlying set of facts. Frier, for his part, would distinguish Sergeant Dodson's negligent driving that took place on August 28, 2020 from Defendants' alleged failure to appropriately discipline him for negligent driving on prior occasions, which predictably resulted in another preventable accident. He also emphasizes that negligence and constitutional violations of due process are different causes of action that require different proof. But regardless of how Frier reframes his two cases, Wisconsin preclusion law clearly applies and bars his federal suit. Defendants' motion to dismiss will, therefore, be granted.

### I.     The Doctrine of Res Judicata Bars Frier's Federal Suit.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The state-court judgment in Frier's case was rendered by a Wisconsin circuit court, so this Court must "look to Wisconsin preclusion law . . . to determine whether [Frier's] claims are barred." *Balcerzak v. City of Milwaukee*, 163 F.3d 993, 995 (7th Cir. 1998). "In Wisconsin, the doctrine of claim preclusion [or res judicata] has three elements: '(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits.'" *Kruckenberg v. Harvey*, 694 N.W.2d 879, 885 (Wis. 2005) (quoting *Sopha v. Owens-Corning Fiberglas Corp.*, 601 N.W.2d 627, 637 (Wis.

1999)). "If these requirements are fulfilled, res judicata 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Brzostowski*, 49 F.3d at 338).

### A. There Is an Identity Between the Parties or Their Privies in the Prior and Present Suits.

Sorting out the parties to Frier's federal case is its own riddle. The complaint captions only Frier, Hingiss, and Rieder, and the preamble is similarly narrow in scope. (ECF No. 1 at 1) ("Comes now, Jaylen Frier . . . complaining of . . . Chief Hingiss . . . and . . . Chief Rieder.".) Under the "Parties" heading, however, Frier also names the City of New Berlin and the New Berlin Police Department. (*Id.* ¶¶5-6.) The former is the only proper defendant for Frier's *Monell* claim, so its inclusion makes sense, notwithstanding counsel's curious choice to omit it from the caption. The New Berlin Police Department, though, is sorely out of place. Under Wisconsin law, a police department is a creature of local government and cannot sue or be sued. *See* Wis. Stat. § 62.13; *Jackson v. Bloomfield Police Dep't*, No. 17-C-1515, 2018 WL 5297819, at *1 (E.D. Wis. Oct. 25, 2018). Under this well-established law, the Police Department is out, but the City is in, meaning the full complement of parties includes Frier, Hingiss, Rieder, and the City of New Berlin.

The next question is whether these parties are identical to or in privity with the parties in Frier's prior state court case. Frier, himself, obviously is. So is the City, which fulfilled the same defendant role in the Waukesha County proceeding. *See Jaylen T. Frier v. City of New Berlin*, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CV000576&countyNo=67https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CV000576&countyNo=67 (last visited June 27, 2023). The other two defendants require more analysis.

Neither Hingiss nor Rieder appeared, as an individual defendant, in the state court suit. But under Wisconsin law, irrespective of whether they are now sued in their individual or official capacities, both Hingiss and Rieder are in privity with the City of New Berlin for purposes of preclusion. To the extent Frier sues the police chiefs in their official capacities, he "bumps into the rule that 'a city official sued in his official capacity is generally in privity with the municipality.'" *Balcerzak*, 163 F.3d at 995-96 (quoting *Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir. 1988)); *see Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) ("When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself."). Frier cannot avoid this result by suing Hingiss and Rieder in their

individual capacities. While the *federal* "rule is that an officer sued in his individual capacity is not in privity with the municipal entity of which he is a member," *Lechnir*, 157 F. Supp. 3d at 809 (quoting *Charles Koen & Assocs. v. City of Cairo*, 909 F.2d 992, 999 (7th Cir. 1990)), this Court must apply *Wisconsin* preclusion law to this case, and "[u]nder Wisconsin law, employees who are sued individually for acts they performed as part of their job duties are considered to be in privity with the state." *Lee v. Jess*, No. 18-cv-1959-pp, 2020 WL 2085274, at *4 (E.D. Wis. Apr. 30, 2020); *see Froebel v. Meyer*, 217 F.3d 928, 934 (7th Cir. 2000) ("Under Wisconsin preclusion law, [State employees] are viewed as identical to [the State]" when "complaints against them concern only their actions as employees."); *N. States Power Co. v. Bugher*, 525 N.W.2d 723, 728 (Wis. 1995) (holding that defendants' suit in their individual capacities was in privity with the State because they were sued based upon their performance of job duties). Frier has not sued either police chief for acts done ultra vires. Their alleged shortcomings relate solely to their failure as State employees. Thus, in this case, the official-individual capacity divide is an "attempted distinction without consequence," *Bugher*, 525 N.W.2d at 728, and the chiefs are in privity with the State for purposes of claim preclusion.

Frier's counterargument relies on *Teske v. Wilson Mutual Insurance Company*, 928 N.W.2d 555 (Wis. 2019). In that case, an "equally divided" Wisconsin Supreme Court affirmed a court of appeals decision that held a party not named in a previously settled insurance dispute could maintain a tort claim arising from the same underlying events. *Id.* at 561-62. That holding is not relevant here. It demonstrates only that a private individual not joined in a prior lawsuit is not in privity with other private individuals who were parties to that suit, under certain circumstances. Frier's case is about privity between a local government and its employees, acting in their official capacity. On that score, *Teske* has nothing to say.

### B. Prior Litigation Resulted in a Final Judgment on the Merits.

The next question is whether Frier's state-court suit resulted in a final judgment on the merits before a court competent to hear his pending federal claims. *See Kruckenberg*, 694 N.W.2d at 885. The public record indicates that the Waukesha County Circuit Court entered final judgment in Frier's favor on April 24, 2023, and the City of New Berlin satisfied that judgment the following day. *See Jaylen T. Frier v. City of New Berlin*. And the state court had jurisdiction to consider Frier's Section 1983 claims. *See Wilhelm v. Cnty. of Milwaukee*, 325 F.3d 843, 847 (7th Cir. 2003) ("[S]tate courts are competent to decide cases brought under § 1983."); *Allen v. McCurry*, 449

U.S. 90, 103-04 (1980) ("[N]othing in the language or legislative history of § 1983 proves any congressional intent to deny binding effect to a state-court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims."). Accordingly, the second element of res judicata is satisfied.

### C. There Is an Identity of Causes of Action Between Frier's Two Suits.

The final, and perhaps least intuitive, element necessary to invoke res judicata is an identity between the causes of action brought in the prior and present lawsuits. *See Kruckenberg*, 694 N.W.2d at 885. On this point, Frier argues (correctly) that the theories of negligence and deprivation of due process pursuant to Section 1983 are not identical. Indeed, courts have routinely rejected attempts to wield Section 1983 to constitutionalize mere negligence. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998); *Payne ex rel. Hicks v. Churchich*, 161 F.3d 1030, 1042 (7th Cir. 1998); *Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996). But when considering the identity of causes of action for claim preclusion purposes, "Wisconsin follows the transactional approach." *Lechnir*, 157 F. Supp. 3d at 809. "Under this approach, 'the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Froebel*, 217 F.3d at 934 (quoting *Bugher*, 525, N.W.2d at 279). In other words, "Wisconsin courts focus on facts, *not legal theories* to determine whether an action is precluded." *Id.* (emphasis added). "All claims arising out of one transaction or one factual situation are treated as being a part of a single cause of action, and they must be litigated together." *Wilhelm*, 325 F.3d at 846. "What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Kruckenberg*, 694 N.W.2d at 886 (quoting Restatement (Second) of Judgments § 24(2)). "The goal in the transactional approach is to see a claim in factual terms and to make a claim coterminous with the transaction, . . . regardless of the evidence needed to support the theories or rights." *Id.* In sum, Frier cannot defeat res judicata by distinguishing the *legal theories* raised in his prior and present lawsuits.

Frier's other argument, more in keeping with the transactional analysis this Court must conduct, is that the constitutional violations he alleges were in motion years before the squad car

that struck him was. (ECF No. 11 at 6.) Thus, while his negligence claim arose solely from conduct that occurred on August 28, 2020, his Section 1983 claims arise from conduct that began in 2016 and culminated in the 2020 car accident. But the accident is the essential ingredient in both lawsuits. Without it, neither the negligence nor Section 1983 claims could exist. As applied, Wisconsin's transactional approach consistently finds identities between claims far more attenuated than these. The Wisconsin Supreme Court's discussion in *Kruckenberg* is instructive. In that case, the Court found an identity of causes of action between a suit filed in 1982 and a suit filed in 2001, even though the suit filed in 2001 "was prompted when the defendant cut [down] trees," which "obviously neither [party] could have brought a claim for . . . in 1982." *Id.* at 886-87. Because "the aggregate operative facts in both the 1982 and 2001 claims [were] the same, namely the defendant's conduct in relation to the location of [a property] boundary line," the claims were held identical for purposes of res judicata. *Id.* at 887. The aggregate operative facts in Frier's lawsuits are similarly related. They also form a convenient trial unit and treating them as such conforms to the general expectation that a plaintiff consolidate associated claims into a single lawsuit. *See Highway J*, 456 F.3d at 741 (stating that res judicata bars all issues that *could have* been raised in a prior action). Frier's two cases, therefore, feature an identity of causes of action.

## CONCLUSION

With all the elements of res judicata satisfied, the Court concludes that Frier cannot use this federal lawsuit to litigate issues he could have raised in his prior state-court action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 8), is **GRANTED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge