UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAYLEN FRIER,

        Plaintiff,

                                                                                             Case No. 23-cv-0290-bhl

    v.

JEFFREY HINGISS and JOSEPH RIEDER,

        Defendants.

## ORDER

        On June 29, 2023, the Court dismissed Plaintiff Jaylen Frier's case, finding his claims precluded. (ECF No. 13.) Following that dismissal, Defendants Jeffrey Hingiss and Joseph Rieder have moved for an award of attorney's fees under Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988. (ECF No. 15.) Because Frier's federal lawsuit was legally barred and yet he continued to litigate it long after he knew or should have known that claim preclusion applied, Defendants' motion will be granted.

## BACKGROUND

        On August 28, 2020, City of New Berlin Police Sergeant Steven J. Dodson was using his cell phone while driving when he rear-ended Jaylen Frier, causing property damage and a traumatic brain injury. (ECF No. 1 ¶¶19-22, 25-26.) On April 7, 2021, Frier filed a complaint in Waukesha County Circuit Court, seeking to hold the City of New Berlin vicariously liable for Sergeant Dodson's negligent conduct. (ECF No. 9 at 5.) The case proceeded through discovery, and trial was set to commence on March 14, 2023. (*See id.* at 6.)

        Just before the trial was to begin, Frier decided to pursue additional claims related to the accident. Instead of trying to add them to his existing state court case, Frier filed this lawsuit in federal court, invoking 42 U.S.C. § 1983 and alleging that former City of New Berlin Police Chief Joseph Rieder and current Police Chief Jeffrey Hingiss violated the Fourteenth Amendment's Due Process Clause when they failed to discipline Sergeant Dodson sufficiently for two distracted driving incidents that occurred prior to August 28, 2020. (ECF No. 1 ¶¶29-45.) Frier also sought

to hold the City of New Berlin, itself, liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and further accused the police chiefs of "ratification." (ECF No. 1 ¶¶46-60.) The federal complaint had the effect of dividing Frier's claims between courts and cases, but it did not ultimately delay his state-court trial, which proceeded over four days in mid-March. (ECF No. 9 at 6.) Frier prevailed and obtained a $159,246.35 judgment. (*Id.*) The City of New Berlin promptly satisfied that judgment on April 25, 2023. (*Id.*)

On May 1, 2023, with the state court case resolved, Defendants asked this Court to dismiss Frier's federal case. (ECF No. 8.) After briefing, on June 29, 2023, the Court granted Defendants' motion, concluding that the doctrine of res judicata barred Frier's second lawsuit. (ECF No. 13.) Defendants have since moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988. (ECF No. 15.)

## LEGAL STANDARD

Section 1988 provides: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). Though the statute itself does not distinguish between prevailing plaintiffs and prevailing defendants, Seventh Circuit caselaw does. "A plaintiff may be deemed a prevailing party, and thus awarded attorney's fees, if he succeeds on 'any significant issue in litigation which achieves some of the benefit he sought in bringing suit.'" *Coates v. Bechtel*, 811 F.2d 1045, 1049 (7th Cir. 1987) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Whether a defendant is "prevailing" and entitled to fees, however, requires a finding "that the plaintiff's action was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Coates,* 811 F.2d at 1049 (quoting *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)).

In considering a motion for attorney's fees under Section 1988, "district court[s] [must] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). But "[e]ven if the allegations initially reasonably state a claim, a plaintiff may be subject to a fee award if the plaintiff 'continues to litigate after it becomes clear that his action lacks factual substance.'" *Kennedy v. McCarty*, 803 F. Supp. 1470, 1474 (S.D. Ind. 1992) (quoting *Coates*, 811 F.2d at 1053).

## ANALYSIS

Defendants argue that Frier's "claims were groundless because they were barred by claim preclusion." (ECF No. 16 at 2.) Frier responds that claim preclusion was not established when he initiated his federal suit, given that the state court trial had not yet begun. (ECF No. 18 at 2.) Additionally, he argues that the dismissal was on claim preclusion grounds, unrelated to the merits of his claims, and thus he should not be subject to a fee award. (*Id.* at 7.) He also argues that he brought his claims in good faith and an award of attorney's fees would have a chilling effect on civil rights litigation. (*Id.* at 2-3.) Last, he faults Defendants for failing to provide him "a safe harbor letter in accordance with Rule 11 of the Federal Rules of Civil Procedure." (*Id.* at 3.) None of these rebuttals alters the basic fact that Frier maintained this suit long after elementary principles of law suggested it had no hope of success. For that reason, the Court finds an award of attorney's fees, covering the costs of Defendants' prosecution of their motion to dismiss, warranted.

**I.   Frier Continued to Pursue His Claims in Federal Court Despite Already Recovering in State Court.**

"In Wisconsin, the doctrine of claim preclusion [or res judicata] has three elements: '(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits.'" *Kruckenberg v. Harvey*, 694 N.W.2d 879, 885 (Wis. 2005) (quoting *Sopha v. Owens-Corning Fiberglas Corp.*, 601 N.W.2d 627, 637 (Wis. 1999)). "If these requirements are fulfilled, res judicata 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)). This Court has already determined that Frier's suit satisfies all three requirements. *See Frier v. Hingiss*, No. 23-cv-0290-bhl, 2023 WL 4273515 (E.D. Wis. June 29, 2023). The question now is whether that determination entitles Defendants to attorney's fees under Section 1988.

Frier argues it does not. He first emphasizes that claim preclusion did not bar his federal suit at the time he filed it. For what it is worth, Frier is right. He commenced this action on March 2, 2023, a few weeks *before* the scheduled start of his state-court trial, (ECF No. 1), and the state court did not enter judgment in his favor until nearly two months later, on April 24, 2023. (ECF No. 9 at 6.) Thus, there was no "final judgment on the merits" until after this case began. According to Frier, this means, "[a]t best, [his] claims became *moot* on April 24, 2023, when there

was a final judgment entered in the State claim." (ECF No. 18 at 2.) But this chronology raises the question of why Frier, who knew his claims were moot as of April 24, 2023, forced Defendants to file a motion to dismiss and incur the expense of proceeding with that motion? A plaintiff's obligation to evaluate the merits of his case does not end at the moment of filing. "Even if the allegations initially reasonably state a claim, a plaintiff may be subject to a fee award if [he] 'continues to litigate after it becomes clear that his action lacks factual substance.'" *Kennedy*, 803 F. Supp. at 1474 (quoting *Coates*, 811 F.2d at 1053). Frier pressed this federal lawsuit even after he recovered in the state court on the same factual grounds he was raising here. He apparently did so on the advice of counsel, who misunderstood how claim preclusion applied to this case. *See Frier*, 2023 WL 4273515, at *3-4 (noting that Frier relied on an inapposite case to argue against an identity of parties and that he failed to realize that Wisconsin follows the transaction approach when assessing whether there is an identity of causes between two actions). His counsel's mistake of law, even if made of negligence rather than malice, is no excuse. *See Lolling v. Patterson*, 138 F.R.D. 109, 112 (C.D. Ill. 1991) ("Fees can be imposed even though the losing plaintiff did not act in subjective bad faith."). "Every attorney is expected to know the basic principles of claim preclusion." *Hidden Cove Marina, Inc. v. Vill. of Fox Lake*, No. 86-C2742, 1986 WL 15266, at *2 (N.D. Ill. Dec. 30, 1996). "Thus filing a new complaint against old defendants, on a different legal theory but resting on the same facts, is an example of . . . sanctionable" conduct. *Id.*

      Frier next insists that, even if the Court finds that he pursued a doomed case, it should not award attorney's fees because dismissal on claim preclusion does not touch on the merits of the underlying lawsuit. Indeed, claim preclusion merely acknowledges that a claim has been or could have been brought in a prior case. It does not evaluate the strength of that claim. Yet nothing in Section 1988 prohibits a defendant from recovering attorney's fees based on his adversary's failure to withdraw clearly precluded claims. The statute permits a fee award when "the plaintiff's action was 'frivolous, unreasonable, or groundless, or [] the plaintiff continued to litigate after it clearly became so.'" *Coates*, 811 F.2d at 1049 (quoting *Hughes*, 449 U.S. at 15). Whatever adjective one prefers, Section 1988 plainly encompasses situations like Frier's, where a plaintiff prolongs a meritless suit, regardless of whether procedure or substance is his ultimate obstacle. *See Vandenplas v. City of Muskego*, 797 F.2d 425, 430-31 (7th Cir. 1986) (contemplating an award of attorney's fees when a plaintiff's civil rights claim was barred by res judicata but reversing the district court's award of fees because whether res judicata applied to Section 1983 claims was not

firmly established prior to dismissal of plaintiff's case). It is no more reasonable to relitigate a precluded claim than it is to bring one without any factual basis.

None of the cases Frier cites state any differently.[1] In *Ahng v. Allsteel, Inc.*, 96 F.3d 1033 (7th Cir. 1996), for example, the Seventh Circuit held "that attorney's fees should not be awarded if 'the losing party's position is substantially justified and taken in good faith.'" *Id.* at 1037-38 (quoting *Anderson v. Flexel, Inc.*, 47 F.3d 243, 251 (7th Cir. 1995); citing *Harris Trust and Sav. v. Provident Life and Acc. Ins.*, 57 F.3d 608, 616-17 (7th Cir. 1995); *Brewer v. Protexall, Inc.*, 50 F.3d 453, 458-59 (7th Cir. 1995)). But *Ahng* (and every case that it cites) refers to 29 U.S.C. § 1132(g)(1) for attorney's fees in actions involving delinquent contributions, not Section 1988. And those statutes implicate different standards. It is no defense for Frier to say that he would not be liable under Section 1132; no one has alleged as much. Frier also cites *EEOC v. CVS Pharmacy, Inc.*, 907 F.3d 968, 973 (7th Cir. 2018) for the proposition "that fees should be awarded to prevailing defendants only when the plaintiff's case is utterly without merit." But he ignores how the Seventh Circuit employed the term "merit." The very next sentence of the *EEOC* decision clarifies that "[t]he determination of such fundamental lack of merit might rest on . . . a determination that the case is *legally* frivolous." *Id.* (emphasis in original). As this Court has already established, Frier's case was legally frivolous. It also does not matter that "[r]es judicata and its cousin the one-refiling rule are not, in general, appropriate grounds on which to base a conclusion that a suit is so frivolous as not to engage the jurisdiction of the federal courts." *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010). The upshot of this rule of thumb is that claim preclusion is generally an affirmative defense properly considered on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). That has nothing to do with whether Section 1988 applies to a civil rights action dismissed on claim preclusion grounds. Frier may have filed his federal lawsuit in good faith. He may have prevailed had he not already litigated and recovered on his claims in state court. None of that exempts him from Section 1988.

---

[1] Undercutting the credibility of his defense, Frier's brief is also rife with errors, frittering away any basic good will that he might expect to receive from the Court. He purports to quote from *Palka v. City of Chicago*, 662 F.3d 428 (7th Cir. 2011), but the language he cites appears nowhere in the decision. (ECF No. 18 at 6.) He also references *Ratzlaf v. Nordstrom, Inc.*, 968 F.2d 946, 950 (7th Cir. 1992). (*Id.* at 7.) But this cite, 968 F.2d 946, is the third page of a Ninth Circuit opinion titled *United States v. Derr*, 968 F.2d 943 (9th Cir. 1992), which concerns an Internal Revenue Service summons. Further, neither Westlaw nor Google indicate that the Seventh Circuit has ever heard a case by the name of *Ratzlaf v. Nordstrom*. Counsel nevertheless quotes from this supposed decision. The Court cautions counsel that such shoddy briefing is never appropriate, but it is particularly problematic in response to a motion for an award of attorney's fees. To the extent the briefing was prepared using "artificial intelligence," counsel is reminded that he remains responsible for any briefing he files, regardless of the tools employed.

Frier also worries that requiring him to pay attorney's fees under Section 1988 will deter future civil rights plaintiffs from filing lawsuits. This might be a legitimate concern in some cases. Courts are wary of imposing attorney's fees where those fees might discourage civil rights plaintiffs "from bringing potentially meritorious claims, out of fear that they [will] have to pay a defendant's legal fees if they [can]not establish their claim." *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 423 (7th Cir. 2005). But the remedy here is baked into the standard. Prevailing defendants only receive attorney's fees if the plaintiff's claims are frivolous, unreasonable, or groundless. A plaintiff who asserts a plausible excessive force claim only to lose at trial need not fear Section 1988. Nor would a court impose attorney's fees if, after discovery, a plaintiff found himself unable to establish his claims. To assess fees in either instance would necessarily deter future plaintiffs from pursuing civil rights litigation. By contrast, assessing fees when a civil rights plaintiff pursues a precluded claim threatens only those who would haphazardly enter the federal courts without doing their homework. This is a worthy and fully justified goal. Though they ought not need additional encouragement, anything that motivates attorneys to consistently evaluate the strength of the cases they bring is, at bottom, a plus. *See Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (quoting *In re Cent. Ice Cream Co.*, 836 F.2d 1068, 1073 (7th Cir. 1987)) ("Litigants 'may not pretend that the law favors their view and impose on the court or their adversaries the burden of research to uncover the basic rule.'").

Finally, Frier argues that the Court may not award attorney's fees under Section 1988 because Defendants did not provide him with a safe harbor letter, as required by Federal Rule of Civil Procedure 11. "Rule 11(c)(2) provides that a motion for sanctions must be served on the opposing party, but that it cannot be filed with the court until 21 days have passed from the date of service of the motion." *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011). "This 21-day window gives the offending party a 'safe harbor' within which to withdraw or correct the offending pleading." *Id.* But Defendants did not move for sanctions under Rule 11. They seek attorney's fees pursuant to Section 1988. And that statute contains no comparable procedural predicate.

## CONCLUSION

Because he admits he continued to litigate this case after his claims became moot, the Court will order Frier to pay Defendants' reasonable attorney fees, pursuant to 42 U.S.C. § 1988(b). That said, because Frier's claims were not precluded until April 24, 2023, he will only be required to pay attorney's fees incurred from that date forward and, more specifically, those incurred in successfully prosecuting Defendants' motion to dismiss. Defendants must reasonably estimate the extent of those fees and submit legal invoices and other documentation to support their conclusion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees, (ECF No. 15), is **GRANTED**. Plaintiff Jaylen Frier is ordered to pay attorney's fees Defendants incurred subsequent to April 24, 2023. On or before **September 29, 2023**, Defendants must submit both a reasonable estimate of those fees as well as documentation supporting that estimate.

Dated at Milwaukee, Wisconsin on September 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge